[No. 8531.  Department One.  September 19, 1910.]

ARTHUR C. MEYERS, *Appellant*, v. IDEAL STEAM LAUNDRY, *Respondent*.[1]

MASTER AND SERVANT—SAFE APPLIANCES—NEGLIGENCE—EVIDENCE—SUFFICIENCY. A nonsuit is properly granted in an action for personal injuries sustained by an employee in a laundry, caused by throwing his arm into a machine when his foot slipped, where the machine was of standard make, in common use, the dangers were obvious, and no negligence on the part of the defendant was shown.

Appeal from a judgment of the superior court for Spokane county, Canfield, J., entered November 10, 1909, dismissing an action for personal injuries sustained by an employee in a laundry, upon granting a nonsuit.  Affirmed.

*Danson & Williams*, for appellant.

*Cannon & Lee*, for respondent.

PER CURIAM.—This action was brought by the appellant to recover for personal injuries suffered by him while in the employ of the respondent.  He was nonsuited in the court below and brings the case to this court.  The respondent conducted a laundry and had therein, as a part of its equipment, a machine for wringing water from washed clothes, called an extractor.  The machine in question was of standard make and of a kind in common use in laundries throughout the

[1]Reported in 110 Pac. 803.

country.  It contained no hidden defects, nor dangers connected with its operation that were not apparent, nor was the act of operating it especially dangerous; in fact it was testified by the appellant himself that the only danger connected with its operation was the danger of coming in contact with the revolving receptacle.  The appellant was injured on this machine.  After drying a piece of goods therein, he started to stop the motion of the receptacle in the usual manner by disengaging the gearing and applying the friction brake.  In the course of the operation his foot slipped, and in his endeavor to save himself, he threw his arm into the revolving receptacle, receiving the injuries for which he sues.

It has seemed to us that the appellant was properly nonsuited.  There was no negligence on the part of the respondent which caused the appellant's injury.  The injury was the result of an accident against which only prudence on the part of the appellant himself could guard.  To hold the employer liable in such a case is to make him an insurer against all injuries, a liability he does not assume by a mere contract of employment.

The judgment is affirmed.